UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kallys Albert Sr.,<br><br>Plaintiff,<br><br>v.<br><br>GEICO General Insurance Company and John Doe,<br><br>Defendants. | Case No. 18-cv-113 (SRN/ECW)<br><br>**MEMORANDUM OPINION AND ORDER** |

Kallys Albert Sr., 100 South 1st Street, Unit 583352, Minneapolis, MN 55458, pro se.

Michael C. Lindberg & Peter M. Lindberg, Cousineau Van Bergen McNee & Malone, P.A., 12800 Whitewater Drive, Suite 200, Minnetonka, MN 55343, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter comes before the Court on the objections ("Objections") [Doc. No. 46] of Plaintiff Kallys Albert Sr. to Magistrate Judge Elizabeth Cowan Wright's Report and Recommendation ("R&R") [Doc. No. 45] recommending that this Court grant Defendant GEICO General Insurance Company's Motion to Dismiss [Doc. No. 16] and deny Albert's Motion to Strike [Doc. No. 33]. The Court overrules Albert's objections, adopts the R&R in full, grants GEICO's Motion to Dismiss and denies Albert's Motion to Strike.

**I.   Background**

    **A.**   *Albert I*

On May 22, 2017, Albert filed a complaint against GEICO alleging that GEICO had improperly modified its automobile insurance coverage on his family's vehicles,

1

failed to refund or applied over-payments, and failed to properly handle his claims. *Kallys Albert Sr. v. GEICO, GEICO General Insurance Company, John Doe*, Case No. 17-cv-1697 (DWF/BRT) (D. Minn. May 22, 2017) ("*Albert I*"). On October 10, 2017, Magistrate Judge Thorson issued an R&R recommending that *Albert I* be dismissed for lack of subject matter jurisdiction. *Id.* On December 5, 2017, Judge Frank adopted the R&R and dismissed *Albert I* without prejudice for lack of subject matter jurisdiction. *Id.* Albert did not appeal the dismissal.

### B. *Albert II*

On January 16, 2018, Albert filed his Complaint in this action, naming GEICO and John Doe as Defendants. (*See generally* Compl. [Doc. No. 1].) It contains essentially identical claims to those presented in *Albert I*. (*Id.*) Albert's current Complaint contains two new claims under 42 U.S.C. § 1981 (Counts I and II), a claim for common law breach of contract and breach of the implied duty to deal with the insured in good faith (Count III), a claim for unlawful conversion of funds and declaratory judgment (Count IV), a claim for invasion of privacy by false light publicity (Count VI), and a claim for tortious interference with a contractual relationship with third parties (Count VII).[1] (*Id.*)

GEICO moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and 12(b)(6), for failure to state a claim. (*See generally* Def's Mot. to Dismiss.) GEICO argues that this Court lacks subject matter jurisdiction because: 1) Albert has pleaded insufficient facts to establish that he has

---

[1] Albert's Complaint did not include a Count V.

2

suffered damages that exceed $75,000, and hence, there is no diversity jurisdiction; and 2) as Albert has not sufficiently pleaded his § 1981 claim, there is no federal question jurisdiction. (Def.'s Mem. in Supp. of Mot. to Dismiss [Doc. No. 18] at 16, 20.) In the alternative, GEICO asserts that Albert's Complaint should be dismissed because it fails to state a claim for which relief can be granted. (*Id.* at 21.)

Albert filed a Motion to Strike GEICO's Motion to Dismiss under Federal Rule of Civil Procedure 12(f). Albert contends that GEICO improperly engaged in an ex parte consultation with Court staff, impermissibly referenced a previous report and recommendation from another case, abused the litigation process, and made misrepresentations in support of its Motion to Dismiss. (*See generally* Pl's Mot. to Strike; Pl's Mem. in Supp. of Mot. to Strike [Doc. No. 35].)

On January 16, 2019, Magistrate Judge Wright recommended that the Court grant GEICO's Motion to Dismiss, deny Albert's Motion to Strike, and dismiss Albert's Complaint in its entirety without prejudice. (R&R at 29.) On February 4, 2019, Albert filed timely Objections to Magistrate Judge Wright's R&R.

I. Discussion

    A. **Standard of Review**

Upon issuance of an R&R, a party may "serve and file *specific* written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). "The objections should specify the portion of the magistrate judge's [R&R] to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07–cv–1958 (JRT/RLE), 2008 WL 4527774, at *2 (D. Minn. Sept. 28,

3

2008). Objections which are not specific but merely parrot arguments already presented to and considered by the magistrate judge are not entitled to *de novo* review. *Dunnigan v. Fed. Home Loan Mortg. Corp.*, No. 15–cv–2626 (SRN/JSM), 2017 WL 825200, at *3 (D. Minn. Mar. 2, 2017) (citing *Mashak v. Minnesota*, No. 11–cv–473 (JRT/JSM), 2012 WL 928251, at *2 (D. Minn. Mar. 19, 2012)). Furthermore, when presenting arguments to a magistrate judge, parties must put forth "not only their 'best shot' but all of their shots." *Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (quotations and citations omitted). Thus, a party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge. *Hammann v. 1–800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947–48 (D. Minn. 2006).

### B. GEICO's Motion to Dismiss for Lack of Subject Matter Jurisdiction

#### 1. Legal Standard

Subject matter jurisdiction "is a threshold requirement which must be assured in every federal case." *Turner v. Armontrout*, 922 F.2d 492, 493 (8th Cir. 1991). A court may consider matters outside the pleadings when it considers a Rule 12(b)(1) motion. *Satz v. ITT Fin. Corp.*, 619 F.2d 738, 742 (8th Cir. 1980). When deciding a Rule 12(b)(1) motion, the Court must first distinguish between a "facial attack" and a "factual attack." *Osborn v. United States*, 918 F.2d 724, 729, n.6 (8th Cir. 1990). In a factual attack, as we have here, "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for

itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Id.* at 730.

Federal district courts have subject matter jurisdiction over civil actions that involve a federal question or diversity of citizenship. *See* 28 U.S.C. §§ 1331–1332. Federal question jurisdiction exists when the action arises "under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Diversity jurisdiction exists when the case is between citizens of different states and the amount in controversy exceeds $75,000. *Id.* § 1332(a).

"[A] complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Larkin v. Brown,* 41 F.3d 387, 388 (8th Cir. 1994). "If the defendant challenges the plaintiff's allegations of the amount in controversy, then the plaintiff must establish jurisdiction by a preponderance of the evidence." *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010).

## 2. Diversity Jurisdiction

In order for this Court to exercise diversity jurisdiction, Albert must show, by a preponderance of the evidence, that his claims exceed $75,000 (exclusive of costs and interest). *See Am. Family Mut. Ins. Co. v. Vein Centers for Excellence, Inc.*, 912 F.3d 1076 (8th Cir. 2019).[2]

---

[2] Neither party disputes that there is complete diversity between them.

Consistent with its arguments in *Albert I*, GEICO asserts that "the Plaintiff is complaining about $565.69 in alleged premium overcharges, a $250 deductible payment, as well as unitemized property damage and roadside assistance claims" and that "[i]f GEICO refunded every single penny of the Plaintiff's premiums over the last seven years at the highest possible rate, ($2,908 per six-month period) the amount in controversy would be $46,528. This falls well short of the $75,000 amount in controversy threshold, and ignores the fact that Albert paid for and received insurance coverage from GEICO during that period." (Def.'s Mem. in Supp. of Mot. to Dismiss at 17, n.4 (emphasis omitted).) Albert has submitted no evidence to rebut GEICO's valuation in this action. Accordingly, Albert has not met his burden of proof.

Albert speculates, instead, that his claims are worth up to $5 million—the policy limit for the insurance at issue. (Pl's Reply to Def's Mot. to Dismiss at 25–26 (citing *Minnesota Mutual Life Insurance Co. Sales Practices Litigation*, 346 F.3d 830, 835 (8th Cir. 2003).) However, in this case, Albert would never be awarded the value of the automobile policy's limit. He does not even assert that he was involved in an accident that would entitle him to such coverage.

Accordingly, this Court agrees with the magistrate judge's recommendation that this matter be dismissed for lack of diversity subject matter jurisdiction because Albert has failed to adequately plead damages in excess of $75,000.

### C. GEICO's Motion to Dismiss for Failure to State a Claim

#### 1. Legal Standard

Federal Rule of Civil Procedure 8 requires that a complaint present "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. To meet this standard and survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a complaint is not required to contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility." *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 593 (8th Cir. 2009) (citation omitted). It is not, however, a "probability requirement." *Id.* (citation omitted). Thus, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Several principles guide courts in determining whether a complaint meets this standard. First, the court must take the plaintiff's factual allegations as true and grant all reasonable inferences in favor of the plaintiff. *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009). This tenet does not apply, however, to legal conclusions or "formulaic recitation of the

elements of a cause of action;" such allegations may properly be set aside. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In addition, some factual allegations may be so indeterminate that they require "further factual enhancement" in order to state a claim. *Id.* (quoting *Twombly*, 550 U.S. at 557.) Finally, the complaint "should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594.

### 2. Federal Question Jurisdiction

As Albert has failed to satisfy the requirements for diversity jurisdiction, in order for this Court to exercise subject matter jurisdiction, Albert must state a plausible federal claim.

#### a. § 1981 Claim: Denial of Right to Make and Enforce Contractual Relationship

"All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981. To state a claim under § 1981, a plaintiff must plead: "(1) that [the plaintiff] is a member of a protected class; (2) that [the defendant] intended to discriminate on the basis of race; and (3) that the discrimination on the basis of race interfered with a protected activity as defined in § 1981." *Elmore v. Harbor Freight Tools USA, Inc.*, 844 F.3d 764, 766 (8th Cir. 2016).

Albert claims that GEICO "systematically denied and deprived [him] the protection and guarantee to make and enforce the parties' automobile insurance contract[]" with "deliberate[] indifference and recklessness" in violation of § 1981.

8

(Compl. ¶ 32.) The Complaint alleges that GEICO's conduct was motivated by racial animus against Albert, who is a member of a protected class as a black male. (*Id.* at 4.) Specifically, Albert contends that "GEICO intentionally, and willfully provided Plaintiff discriminatory premium rates" and that "GEICO retaliated by intentional termination of the contractual relationship on May 31, 2017." (*Id.* ¶¶ 29, 32.) The result, Albert argues, placed him in "a dissimilar circumstance[] [sic] with persons of a different race—Caucasians; whom GEICO would never have treated similarly." (*Id.* at 4.)

In *Iqbal,* the Supreme Court held that a complaint of discrimination, that did "not contain any factual allegation sufficient to plausibly suggest petitioners' discriminatory state of mind," was insufficient to survive a motion to dismiss. 556 U.S. at 683–686. Moreover, a complaint could not merely be "conclusory" in nature without reference to factual support. *Id.* at 681.

In her R&R, Magistrate Judge Wright found that Albert's allegations of intentional racial discrimination are conclusory and do not state a plausible claim for relief. Despite Albert's objection to the R&R on this point, this Court agrees. (Objections at 14.) Albert has presented no facts that permit the Court to infer that GEICO's conduct was motivated by racial animus or was intentionally discriminatory. As such, Albert's references to race "amount to, at most, threadbare recitals of the elements of [his] race discrimination claims that fail to meet the plausibility standards in *Iqbal* . . . ." *Equal Empl. Opportunity Comm'n v. JBS USA*, *LLC*, 8:10CV318, 2016 WL 4435198, at *11 (D. Neb. Aug. 19, 2016), *as amended*, No. 8:10CV318, 2016 WL 5173222 (D. Neb. Sept. 21, 2016).

### b. § 1981 Retaliation Claim

Albert also alleges a retaliation claim under § 1981. (Compl. at 11.) To state a § 1981 non-employment retaliation claim, a plaintiff must allege facts establishing: "(1) he engaged in activity protected by § 1981; (2) he was subjected to an adverse action; and (3) a causal link exists between the protected activity and the adverse action." *Fitzgerald v. L&L Truck Brokers, Inc.*, 32 F. Supp. 2d 1080, 1085 (E.D. Ark. 1999). In addition, a plaintiff must demonstrate that his opposition to the unlawful activity was "a motivating or determining factor in the adverse action taken by defendant." *Id.* A company, however, may refuse to contract with someone who has criticized its business, as long as that refusal is not done as punishment for a complaint of racial discrimination. *Gacek v. Owens & Minor Distrib., Inc.*, 666 F.3d 1142, 1146 (8th Cir. 2012).

Albert claims that GEICO "retaliated[] and terminated [his] automobile contract" with "deliberate[] indifference and reckless[ness]" in violation of § 1981. (Compl. ¶ 39.) According to Albert, his filing of *Albert I* caused GEICO to retaliate against him by terminating his coverage.[3] (*Id.* ¶¶ 37–38.)

However, *Albert I* did not allege that any of the claims were based on racial bias or discrimination—the activity protected by § 1981. *Albert I*, Case No. 17-cv-1697 (DWF/BRT) (D. Minn. May 22, 2017). In contrast, the Complaint in this action is the

---

[3] Albert also claims that GEICO published Albert's "private facts" about the nature of his "private contractual relationship" with GEICO. (Compl. ¶ 49.) However, Albert has previously publicly filed documents showing that his policy had been cancelled due to late payments. (*Albert I*, Pl.'s Supporting Exhibits [Doc. No. 19] at 46–50.)

10

first time that Albert has alleged racial discrimination or animus by GEICO. Magistrate Judge Wright was correct when she found that "Albert's § 1981 retaliation claim fails because he has not alleged that he engaged in any activity protected by that statute before his insurance coverage was cancelled on May 31, 2017." (R&R at 18–19.)

As such, Albert's objection to Magistrate Judge Wright's conclusion is overruled. (Objections at 26.) Albert admits that his coverage was only terminated after he refused to pay a scheduled premium payment to GEICO. (Compl. ¶ 22.) Therefore, Albert cannot plausibly allege that a causal connection exists between *Albert I* and GEICO's termination of his insurance.

### c. Seventh Amendment Right to a Jury Trial

Albert appears to claim that his right to a jury trial under the Seventh Amendment was violated when *Albert I* was dismissed for lack of subject matter jurisdiction. *Albert I*, Case No. 17-cv-1697 (DWF/BRT) (D. Minn. May 22, 2017). However, the Supreme Court has held that a court has the power to decide if it may exercise subject matter jurisdiction without a jury. *Smithers v. Smith*, 204 U.S. 632, 645 (1907). A Court has not issued an erroneous ruling merely because "it has the incidental effect of precluding a jury trial." *Fidelity & Deposit Co. of Md. v. United States*, 187 U.S. 315, 319-21 (1902). Therefore, to the extent that Albert has asserted a claim under the Seventh Amendment, the Court agrees with Magistrate Judge Wright's recommendation of dismissal under Rule 12(b)(6) and overrules Albert's objection to the R&R. (Objections at 17.)

For all of those reasons, Albert fails to state a claim under § 1981 or under the

Seventh Amendment.[4] Accordingly, this Court does not have federal question subject matter jurisdiction over his action.

### D. Albert's Motion to Strike

#### 1. Legal Standard

Federal Rule of Civil Procedure 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A party must file a Rule 12(f) motion "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). Because this form of relief is considered an "extreme measure," motions under Rule 12(f) are infrequently granted. *E.E.O.C. v. Product Fabricators, Inc.*, 873 F. Supp. 2d 1093, 1097 (D. Minn. 2012) (citing *Stanbury Law Firm, P.A. v. Internal Revenue Serv.*, 221 F.3d 1059, 1063 (8th Cir. 2000); *Daigle v. Ford Motor Co.*, 713 F. Supp. 2d 822, 830 (D. Minn. 2010)). Under the permissive language of the rule, however, the Court has "liberal discretion" to strike, *Stanbury,* 221 F.3d at 1063, and a motion to strike should be granted "if the result is to make a trial less complicated or otherwise streamline the ultimate resolution of the action." *Daigle*, 713 F. Supp. 2d at 830.

---

[4] Although Albert also named "John Doe" as a defendant, the Complaint makes no specific allegations as to Doe. Therefore, because all of Albert's claims against GEICO are dismissed, all of the claims against Doe are similarly dismissed without prejudice.

## 2. Analysis

Albert moves to strike GEICO's Motion to Dismiss under Federal Rule of Civil Procedure 12(f). (*See* Pl.'s Mot. to Strike.) Motions to strike are not authorized by the Federal Rules of Civil Procedure or the local rules of this Court except when they target a pleading. *Zellner-Dion v. Wilmington Fin., Inc.*, No. 10-CV-2587 PJS/JSM, 2012 WL 2952251, at *1 (D. Minn. July 19, 2012). "Moreover, given that a party can always, in its brief on the merits, simply *ask* the Court to disregard a document filed by the party's opponent, formal 'motions to strike' serve no purpose other than to crowd the docket and circumvent court rules limiting the number and length of memoranda." *See Carlson Mktg Grp., Inc. v. Royal Indem. Co.,* No. 04–3368, 2006 WL 2917173, at *2 (D. Minn. Oct.11, 2006) (original emphasis).

Although Albert's Motion to Strike is procedurally improper, this Court has considered Albert's memoranda, affidavit, and exhibits in connection with his opposition to GEICO's Motion to Dismiss. However, this Court has not considered Albert's request that the Court grant summary judgment in his favor as the Court has not considered matters outside the pleadings in evaluating GEICO's Motion to Dismiss under Rule 12(b)(6). Fed. R. Civ. P. 12(d).

In his Motion to Strike, Albert first argues that GEICO's counsel had improper "ex parte consultation with court staff." (Pl's Mem. in Supp. of Mot. to Strike at 1.) Specifically, Albert contends the impermissible communication occurred when a letter was filed by GEICO in January 2018 opposing Albert's application for *in forma pauperis* status. (*Id.*) However, GEICO was actually required to obtain permission to file a letter

with the Court under this District's CM/ECF procedures. (Def's January 25, 2018 Letter to Magistrate Judge Wright [Doc. No. 3] at 1.) Moreover, GEICO was willing to have the court strike or disregard the letter if deemed improper. (*Id.*) Like Magistrate Judge Wright and Magistrate Judge Rau, this Court sees no evidence in the record that GEICO's decision to obtain permission to file the letter was improper, and therefore overrules Albert's objection related to this issue. (*Id.*)

Second, Albert contends that GEICO should be sanctioned because it referenced a 2012 R&R issued by Magistrate Judge Rau in describing Albert's litigation history. (Pl's Mem. in Supp. of Mot. to Strike at 15.) However, referencing public R&Rs, orders, and decisions issued by this Court is neither improper nor sanctionable. Therefore, this Court agrees with Magistrate Judge Wright's recommendation that GEICO should not be sanctioned. Albert's Motion to Strike is denied.

### E. Albert's Additional Objections

Albert also presents an additional argument in his Objections not previously made in the course of this litigation. Albert asserts that GEICO is estopped from contesting jurisdiction because it already lost that challenge in *Albert I*. (Objections at 6, 19, 20.) However, Albert is incorrect. In *Albert I*, GEICO prevailed on its motion to dismiss and the matter was dismissed without prejudice for lack of jurisdiction. *Albert I*, Case No. 17-cv-1697 (DWF/BRT) (D. Minn. May 22, 2017). Accordingly, Albert's objection is overruled.

Additionally, in his response to GEICO's Motion to Dismiss, Albert asserts that GEICO's decision to seek a dismissal of Albert's Complaint is an abuse of the litigation

14

process. (Pl's Reply to Def's Mot. to Dismiss at 30.) However, this Court agrees with Magistrate Judge Wright (and in doing so overrules Albert's objection) in finding that there is no basis for sanctions against GEICO and that no evidence has been presented to support the contention that GEICO has abused the litigation process. (R&R at 27.)

## III. Conclusion

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Kallys Albert Sr.'s Objections [Doc. No. 46] are **OVERRULED**;

2. Magistrate Judge Wright's R&R [Doc. No. 45] is **ADOPTED** in its entirety;

3. Defendant GEICO General Insurance Company's Motion to Dismiss [Doc. No. 16] is **GRANTED**;

4. Plaintiff Kallys Albert Sr.'s claims against Defendant John Doe are **DISMISSED WITHOUT PREJUDICE**;

5. Plaintiff Kallys Albert Sr.'s Motion to Strike [Doc. No. 33] is **DENIED**; and

6. This action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 5, 2019                                s/ Susan Richard Nelson
                                                    SUSAN RICHARD NELSON
                                                    United States District Judge